**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DASHOD REED,

Plaintiff,

vs.

CULINARY WORKERS UNION LOCAL 226, *et al.*,

Defendants.

Case No.: 2:25-cv-02600-GMN-EJY

**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION**

Pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 3), from United States Magistrate Judge Elayna J. Youchah, which recommends dismissing some claims in Plaintiff Dashon Reed's Complaint, (ECF No. 4). Plaintiff filed timely Objections, (ECF No. 9), to the R&R.

## I. <u>**BACKGROUND**</u>

This case arises out of a dispute between Plaintiff Dashon Reed and officers in the Culinary Workers Union Local 226, of which Plaintiff is a member. (*See generally* Compl., ECF No. 4). Plaintiff alleges that in April 2025, he filed multiple union grievances against two coworkers "who had submitted several false reports against him." (*Id.* ¶ 12). Plaintiff asserts that the false reports "arose from a language barrier." (*Id.* ¶ 13). Defendant Bea Duran, a union grievance specialist and Plaintiff's assigned union representative, represented him in the grievance proceeding several months later. (*Id.* ¶¶ 9, 15). Duran informed Plaintiff that his coworkers were "allowed to lie" about him. (*Id.* ¶ 16). Two weeks later, he attended an unrelated union meeting, at which Defendant Johanna Dalton, a union director, publicly stated that Plaintiff's grievance included disparaging remarks about his Hispanic coworkers' English

proficiency. (*Id.* ¶¶ 10, 18). Plaintiff claims that because of Defendants' conduct, he "experienced loss of credibility within the Union, hostility from members, impairment of his effectiveness [in his position], reputational harm, humiliation, and stigma." (*Id.* ¶ 26).

Plaintiff initiated this action on December 29, 2025. His Complaint asserts claims for (1) retaliation against his protected speech, in violation of § 101(a)(2) of the Labor-Management Reporting and Disclosure Act ("LMRDA"); (2) breach of the duty of fair representation; (3) defamation; (4) false light and invasion of privacy; and (5) an unlawful policy suppressing grievances, in violation of LMRDA § 101(a)(2). (*Id.* ¶¶ 33–48).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. LR IB 3-2(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); LR IB 3-2(b).

## III. DISCUSSION

Plaintiff objects only to the portion of the R&R that recommends dismissal with prejudice of his Nevada defamation and false light claims on the basis of qualified privilege. (Obj. 1:13–17, ECF No. 9).[1] Magistrate Judge Youchah explained that Nevada law extends a "qualified or conditional privilege" where an allegedly defamatory statement is made in good faith between persons with a shared interest. (R&R 8:4–28, ECF No. 3). As union members,

[1] When a party proceeds *pro se*, the court has a duty to construe his or her pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). A *pro se* filing, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff and Defendants "had a shared interest in the subject matter raised by the content of Plaintiff's grievance (a shop steward) as discussed by Dalton (a Union official) at a Union meeting." (*Id.* 8:25–28). The Court first addresses whether qualified privilege bars Plaintiff's claims in their entirety before turning to the sufficiency of each claim.

**A. Qualified Privilege**

Under Nevada law, "[a] qualified or conditional privilege exists where a defamatory statement is made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a right or a duty, if it is made to a person with a corresponding interest or duty." *Circus Circus Hotels, Inc. v. Witherspoon*, 657 P.2d 101, 105 (Nev. 1983) (citations omitted). Nevada courts apply a burden-shifting approach: First, the court decides whether a communication is conditionally privileged; if it is privileged, the burden then shifts to the plaintiff to prove that the defendant abused the privilege. *Id.*; *see also Gallues v. Harrah's Club*, 491 P.2d 1276, 1276 n.1 (Nev. 1971) (citing Restatement (First) of Torts § 593 (1938)). A defendant may abuse the privilege by publishing the communication with malice in fact, in bad faith, "with spite or ill will or some other wrongful motivation toward the plaintiff," or "without belief in the statement's probable truth." *Circus Circus Hotels*, 657 P.2d at 105 & n.1 (citing *Gallues*, 491 P.2d at 1277); *see also Pierson v. Robert Griffin Investigations, Inc.*, 555 P.2d 843, 843 (Nev. 1976). The question of privilege should not proceed to the jury unless the plaintiff provides sufficient evidence for the jury to reasonably infer malice in fact or another form of abuse. *Circus Circus Hotels*, 657 P.2d at 105.

The R&R found that the qualified privilege applied to Defendants' statements about Plaintiff's grievances, as they were made between union members with a shared interest in the subject matter. (R&R 8:17–28) (first citing *Rancho La Costa, Inc. v. Superior Ct.*, 165 Cal. Rptr. 347, 359 (Cal. Ct. App. 1980); and then citing *Wood v. Am. Fed'n of Gov't Emps.*, 316 F. Supp. 3d 475, 482 (D.D.C. 2018), *aff'd*, No. 18-7124, 2019 WL 668337 (D.C. Cir. Feb. 12,

2019)). The Court adopts the R&R's well-reasoned construction of the law and its preliminary application to the facts of this case. However, the R&R erred in not then shifting the burden to Plaintiff and considering whether he sufficiently alleged an abuse of the privilege. Plaintiff's Complaint, seemingly envisioning that qualified privilege might preclude his claims, alleges that Defendants "acted with actual malice," "reckless disregard for the truth," or "knowing falsity." (Compl. ¶¶ 43, 45). His factual allegations, taken as true, support his conclusion: He asserts that Defendants made false statements about the contents of the grievances, knowing that those statements were false. (*Id.* ¶¶ 14, 18, 20, 25). Accordingly, the Court REJECTS the R&R's dismissal of Plaintiff's defamation and false light claims.

**B. Plausibility of Claims**

Because the R&R recommended dismissal solely based on the qualified privilege issue, it did not reach the merits of Plaintiff's defamation and false light claims. The Court addresses each in turn to determine whether they should proceed or be dismissed.

**1. Standard of Review**

When a plaintiff proceeds *in forma pauperis*, the court must dismiss any claim that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To state a claim upon which relief can be granted, a pleading must give fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a court assumes all factual allegations to be true, legal conclusions couched as factual allegations are insufficient. Rather, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If a court dismisses a complaint, it should "freely" give leave to amend "when justice so requires" and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)).

**2. Defamation**

To succeed on a defamation claim under Nevada law, a plaintiff must prove that (1) the defendant made a defamatory statement about the plaintiff; (2) the statement was an unprivileged communication to a third person; (3) the defendant was at minimum negligent; and (4) the plaintiff suffered damages. *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 462 (Nev. 1993). A statement is defamatory if it is false and would hurt the subject's reputation. *Posadas v. City of Reno*, 851 P.2d 438, 442 (Nev. 1993). Whether a statement can be construed as defamatory is a question of law for the court to decide. *Flowers v. Carville*, 266 F. Supp. 2d 1245, 1251 (D. Nev. 2003) (citing *Branda v. Sanford*, 637 P.2d 1223, 1225 (Nev. 1981)).

Plaintiff plausibly alleges that Defendants' statements about his grievances were false and injured his reputation. He identifies a particular falsehood—that his grievance included disparaging remarks about Hispanic coworkers—that Defendants announced to other union members, impugning his character among his peers and affecting his work. (Compl. ¶¶ 12–26). Defendants' specific charge that Plaintiff made a discriminatory remark is capable of defamatory meaning, as it could "adversely impact the community's view" of him and "potentially excite derogatory opinions and contempt." *See Rosenbrook v. Lloyd*, 588 P.3d 1281, 1288 (Nev. 2026). Accordingly, Plaintiff's defamation claim may proceed.

**3. False Light**

Nevada law recognizes a cause of action for publicity unreasonably placing another in a false light before the public. *Franchise Tax Bd. of State of Cal. v. Hyatt*, 407 P.3d 717, 735–36

(Nev. 2017), *rev'd on other grounds*, 587 U.S. 230 (2019). Nevada adopts the false light definition from the Restatement (Second) of Torts § 652E (1977), which requires that (1) the defendant made at least an implicit false statement of objective fact; (2) the statement was made with actual malice, meaning knowing or reckless disregard of the truth; (3) the statement was made public; (4) publicity of the statement would be highly offensive to a reasonable person; and (5) the plaintiff suffered mental distress from having been exposed to public view. *Id.* at 735; *Flowers v. Carville*, 310 F.3d 1118, 1132 (9th Cir. 2002); *People for Ethical Treatment of Animals v. Bobby Berosini, Ltd.*, 895 P.2d 1269, 1273 n.4 (Nev. 1995), *overruled in part on other grounds by City of Las Vegas Downtown Redev. Agency v. Hecht*, 940 P.2d 134, 138 (Nev. 1997)).

"Publicity," in a false light claim, requires that "the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Kuhn v. Acct. Control Tech., Inc.*, 865 F. Supp. 1443, 1448 (D. Nev. 1994) (quoting Restatement (Second) of Torts § 652D cmt. a (1977)). Merely "uttering false statements to a few co-workers" is insufficient to constitute "publicity." *Huston v. Verizon Fed. Network Sys., LLC*, No. 2:07-CV-00201-BES-IRL, 2008 WL 4279418, at *5 (D. Nev. Sep. 17, 2008); *see also Kuhn*, 865 F. Supp. at 1448 (denying a claim where the allegedly defamatory information was disclosed only to plaintiff's coworkers); *DelVecchia v. Frontier Airlines, Inc.*, No 2:19-cv-01322-KJD-NJK, 2020 WL 1450581, at *3 (D. Nev. Mar. 24, 2020) (finding that a "limited group does not meet the requirement of public disclosure").

Plaintiff alleges that Defendants made the false statements at a "union meeting" with "other union members." (Compl. ¶¶ 17–18). It is unclear from the face of Plaintiff's Complaint how many people were present at the meeting, which is crucial to the success of his false light claim. As pleaded, Plaintiff does not state a cognizable false light claim, but he may be able to

amend it with sufficient details about the meeting. Accordingly, the Court DISMISSES Plaintiff's false light claim without prejudice and with leave to amend.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 3), is **ACCEPTED in part** and **REJECTED in part.** The Court **REJECTS** the R&R's dismissal of Plaintiff's defamation claim; instead, Plaintiff's defamation claim may proceed. The Court **REJECTS** the R&R's denial of leave to amend on Plaintiff's false light claim; instead, Plaintiff's false light claim is **DISMISSED without prejudice** and with leave to amend. All remaining parts of the R&R are **ACCEPTED and ADOPTED.**

For clarity, the Court explains the status of each claim as follows, incorporating this Order and Judge Youchah's Report and Recommendation.

**IT IS HEREBY ORDERED** that the following claims are **DISMISSED with prejudice:** Plaintiff's claims against Defendant Bea Duran under LMRDA § 101(a)(2); Plaintiff's duty of fair representation claim against Defendants Bea Duran and Johanna Dalton; and Plaintiff's claims related to the failure to provide notice or an opportunity to be heard.

**IT IS FURTHER ORDERED** that the following claims are **DISMISSED without prejudice** and with leave to amend: Plaintiff's false light claim; Plaintiff's claim against the Union for breach of the duty of fair representation; and Plaintiff's claims alleging that Defendant Johanna Dalton violated LMRDA § 101(a)(2) by reiterating the contents of his grievances.

The following claims are not dismissed and may proceed: Plaintiff's defamation claim; and Plaintiff's claim alleging Dalton violated LMRDA § 101(a)(2) by accusing Plaintiff of disobeying union policy.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to amend his Complaint, he must do so no later than **November 18, 2026**. Plaintiff is advised that an amended complaint must

be titled "FIRST AMENDED COMPLAINT" and must include all claims Plaintiff wishes to assert. Plaintiff may not assert claims that the Court dismissed with prejudice in this Order. Plaintiff must allege sufficient facts, not just a recitation of the legal elements of the claim, to support that each Defendant engaged in conduct for which they can be held liable under the laws Plaintiff identifies.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting Status Update, (ECF No. 21), is **DENIED as moot.**

**DATED** this 21 day of October, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT